

MIKE SPANO
MAYOR

MATTHEW I. GALLAGHER
CORPORATION COUNSEL

CITY HALL ROOM 300
40 SOUTH BROADWAY
YONKERS, NEW YORK 10701-3883
(914) 377-6240

CITY OF YONKERS
DEPARTMENT OF LAW

November 21, 2019

**VIA ECF FILING AND HAND-DELIVERY**

Hon. Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: **Hairston v. City of Yonkers**
     **19 Civ. 01182 (CS)**

Your Honor:

    I represent the defendants in the referenced matter wherein plaintiff asserts an excessive force claim pursuant to § 1983. Plaintiff alleges that on November 18, 2017 he was present in an apartment building stairwell at 78 Hamilton Avenue in Yonkers when he was chased onto the roof of the building by Defendant Officers Christopher Roemer and Sgt. Federico Quezada. Plaintiff alleges that one or both of the Defendant Officers grabbed him by his jacket, yanked on it and caused him to fall from the roof to the ground below (see Amended Complaint, #s 13-21). The Defendant Officers conducted a vertical patrol of the stairwell at 78 Hamilton Avenue and deny ever seeing or encountering plaintiff at any time prior to his fall from the roof.

    The only discovery issue is with respect to plaintiff's demand for the individual Defendant Officers Internal Affairs Division ("IAD"), personnel and training files which defendants have consented to an <u>in camera</u> review of.

    Enclosed please find for the Court's <u>in camera</u> review the IAD, personnel and training files from the City of Yonkers Police Department for the Individual Defendants: 1) PO Christopher Roemer and 2) Sgt. Federico Quezada.

    These files are submitted for the Court's determination of whether any records are relevant and material to plaintiff's excessive force claim.

    Thank you very much for your time and attention to this discovery matter.

Respectfully submitted,
*Rory McCormick*
RORY McCORMICK

RM:ka
Enc.

cc: Rose Weber, Esq. (BY ECF w/o enclosures)

---

*[Handwritten endorsement:]*

I have reviewed the documents submitted by Mr. McCormick for records arguably reflecting similar conduct or lack of veracity. The only documents that should be turned over are the March 18, 2014 IAD memo and attachments (#C2013-060). The parties should confer on a protective order and/or redactions. This is not a finding that questioning regarding the events covered in the documents will be permitted at trial.

SO ORDERED.

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.

11/27/19